**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MOHAMMAD HASSAN ALI,<br>    Petitioner, | Case No. 1:17-cv-162 |
| | Black, J. |
| vs. | Bowman, M.J. |
| ATTORNEY GENERAL,<br>    Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, a detainee currently incarcerated at the Butler County Jail in Hamilton, Ohio, has initiated this action by filing a motion for leave to proceed *in forma pauperis* in connection with a pro se pleading entitled "Petition for a Writ of Coram Nobis and or Audita Querela." (Doc. 1).  For the reasons stated below, the undersigned recommends that the petition be dismissed with prejudice at the screening stage.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, petitioner states that he is "a native and citizen of Somalia" who has been in the custody of the United States Immigration and Enforcement agency (ICE) since May 19, 2016 and that ICE has been unable to remove him to Somalia despite his cooperating with ICE's efforts to acquire the needed travel documents.  (*See* Doc. 1, at PageID 7).  Petitioner indicates that he has a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 pending in this Court.  In that action, petitioner argues that his continued detention is unlawful because he has been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).  *See Ali v. Lynch*, No. 1:16-cv-1182 (S.D. Ohio Dec. 30, 2016) (Barret, J.; Litkovitz, M.J.).

In this separate action, petitioner seeks a writ of coram nobis and/or audita querela "to set aside or vacate his prior conviction for domestic violence."  (Doc. 1-1, Petition at PageID 5).

Petitioner contends that his attorney in his 2009 criminal state court proceeding in San Diego, California failed to warn him about the immigration consequences of accepting a plea agreement. (*Id.* at PageID 2, 10, 26). Petitioner cites the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), as support for his claim.

To the extent that petitioner seeks to set aside his state court conviction via a writ of coram nobis this Court does not have jurisdiction to grant the requested relief. It is well-settled that the writ of coram nobis "is available only in the court which rendered the judgment under attack" and "is not available in federal courts as a means of attacking a state conviction." *Meyers v. Ohio*, No. 1:14cv01505, 2015 WL 1954546, at *1, *4 (N.D. Ohio Apr. 29, 2015) (quoting *Fegley v. McClain*, No. 86-3196, 1986 WL 17585 (6th Cir. Aug. 13, 1986)); *see also United States v. Watkins-El*, 37 F. App'x 716, 717 (6th Cir. 2002) ("the district court properly noted that the writ [of coram nobis] could not be used to attack [the prisoner's] 1977 state conviction"); *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (and Third, Seventh, Fifth and Fourth Circuit cases cited therein) ("federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments"). *Cf. United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006) (holding that because "[t]he writ of coram nobis can be filed only in the court where the alleged errors occurred," the Michigan district court was not the proper court to entertain the petition challenging a federal conviction obtained in another state).

Petitioner alternatively requests a writ of audita querela. In contrast to a writ of coram nobis, which "is used to attack a judgment that was infirm [at the time it issued], for reasons that later came to light," a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quoting *United States v. Reyes*, 945 F.2d 862,

863 n.1 (5th Cir. 1991)); *see also Rawlins*, 714 F.3d at 1193, 1196.  Like the coram nobis writ, the writ of audita querela is not available to a petitioner when other remedies, such as a writ of habeas corpus, exist.  *Torres,* 282 F.3d at 1245.

Most courts have concluded that the audita querela remedy is available only in cases where there is "a *legal* defect in the conviction, or in the sentence which taints the conviction." *See Doe v. Immigration & Naturalization Serv.*, 120 F.3d 200, 203 (9th Cir. 1997) (and First, Second, and Fifth Circuit cases cited therein) (emphasis added); *see also United States v. Tablie,* 166 F.3d 505, 507 (2nd Cir. 1999) (per curiam) (endorsing *Doe*'s reasoning in holding that the district court lacked jurisdiction under the All Writs Act to vacate the petitioner's conviction).  In a decision that was subsequently vacated, the Sixth Circuit indicated support for the position that audita querela may be invoked as "an equitable remedy" in "the most extreme cases" in order to mitigate the collateral consequences of an earlier criminal conviction that "would have produced an unconscionable result" or would "shock the conscience."  *See Ejelonu* v. *Immigration & Naturalization Serv.*, 355 F.3d 539, 548-52 (6th Cir. 2004).

In a case more directly analogous to the case-at-hand, where the petitioner sought relief from the collateral immigration consequences of a guilty plea entered in a state criminal proceeding, the district court held that the writ of audita querela cannot be used to attack the validity and collateral consequences of a state conviction because the writ of habeas corpus is the petitioner's "*exclusive* remedy" in that context.  *Quintana v. Nickolopoulous*, 768 F. Supp. 118, 120 (D. N.J. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 489-91 (1973)) (emphasis in original).  Even assuming, without deciding, in light of the vacated Sixth Circuit decision, that this Court has jurisdiction to consider a petition for a writ of audita querela and that the remedy is available in "extreme cases" to mitigate the collateral immigration consequence of an otherwise valid guilty plea entered in a state or federal

criminal proceeding, it appears from the face of the petition that such extraordinary relief is not

warranted in this case involving a conviction that became final before *Padilla* was decided. *Cf.*

*United States v. Quintieri*, 547 F. App'x 32, 34 n.1 (2nd Cir. 2013) (noting in an analogous case

involving a *Padilla* claim, which was not afforded retroactive application in light of the Supreme

Court's *Chaidez* decision, that the petitioner could "not employ the writ of audita querela to

circumvent the retroactivity limitations imposed by Congress and the Supreme Court on

postconviction remedies"); *United States v. Fraire*, 512 F. App'x 745, 746 (10th Cir. 2013)

(holding that the district court correctly denied the petitioner's petition for writ of audita querela

because his conviction became final before *Padilla* was decided); *Mora v. United States*, 358 F.

App'x 223 (2nd Cir. 2009) (affirming the denial of a petition for writ of audita querela, wherein

the petitioner challenged the constitutionality of his federal sentence in light of the Supreme

Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), because "*Booker* does not

apply retroactively to cases on collateral review"). *See also United States v. Manjang*, 634 F.

App'x 528, 530 (6th Cir. 2015) (affirming the denial of a petition for writ of coram nobis

alleging ineffective assistance of counsel for failing to advise the defendant of the deportation

consequence of his guilty plea because the defendant's conviction became final before *Padilla*

was decided); *Aguila v. United States*, 515 F. App'x 803 (11th Cir. 2013) (per curiam) (holding

coram nobis relief was unavailable where the petitioner sought the retroactive applicability of

*Padilla* to her conviction). Petitioner has alleged no facts even remotely suggesting that this is

the type of "extreme case" that the Sixth Circuit indicated in *Ejelonu* could possibly justify

issuance of the writ of audita querela on solely equitable grounds.[1]

---

[1] Petitioner states that he wishes to bring this action pursuant to 28 U.S.C. § 2255, however this Court lacks jurisdiction under § 2255 because the underlying judgment complained of by petitioner was not entered by this federal district court.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The petitioner's pro se petition be **DISMISSED** with prejudice on the ground that this Court lacks jurisdiction to consider it.  It is **FURTHER RECOMMENDED** that petitioner's motion for leave to proceed *in forma pauperis* be **DENIED** as moot.

2.  A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal in forma pauperis, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*    
Stephanie K. Bowman
United States Magistrate Judge

MOHAMMAD HASSAN ALI,                          Case No. 1:17-cv-162
     Petitioner,

                                   Black, J.
    vs.                                       Bowman, M.J.

ATTORNEY GENERAL,
     Respondent.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).